[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These consolidate cases were heard on April 15, 1992. Counsel for the plaintiffs appeared with their clients. Attorney Thomas Heslin appeared and represented that he had been representing the defendant, prior to the death of the defendant on October 16, 1991. The court took testimony from both plaintiffs. Mr. Heslin remained in attendance. The court appointed Attorney Frank Manfredi as a substitute party defendant on May 24, 1993 (L. P. Sullivan, J.).
On November 16, 1993, counsel for the plaintiffs appeared before the court and asked the court to render judgment in each case on the record. The court noted that no appearance was made by the substitute party defendant and entered a default for failure to appear at trial.
The above two cases arose out of the same accident, which occurred on July 25, 1985. The plaintiff Dominic J. Ferrigno was attending a fitting for a wedding the following week. This occurred at Levinson's on the Silas Deane Turnpike, on July 25, 1985. The weather was clear. Following the fitting, the other plaintiff Michael Failla, offered to take the plaintiff Ferrigno for a ride on his motor cycle. They took off southerly on the Turnpike towards Rocky Hill. They were traveling at the rate of speed of 40 mph. At a point one-eighth of a mile north of I-95 crossing, the motor cycle was hit by a car operated by the defendant which had crossed over two lanes.
Both were taken to the emergency hospital room. Mr. Ferrigno was suffering from a punctured lung. His surgeons were Dr. Bradley and Dr. Fischer. His medical bills were $6,766.00. He sought a job in construction at $15.00 per hour but was unable to stand the pain. He did not work as a color photograph assistant which paid $6.00. He did not work from the accident until the end of the year. He was 25 years of age. He returned to construction work after 3 years. CT Page 10516
Mr. Failla suffered a collapsed lung as well as fractures in the face and nerve damage. He had three fractured vertebrae, for which the surgeon inserted Harrington rods. He left the hospital in August with an upper body cast. He was hospitalized for 3 weeks. His doctors were Dr. Bradley and Dr. Zimmerman. The Harrington rods are still in his body. He has a disability rating of 30% due to the disability of his back. He owned a cleaning service but was unable to work on the job until the following April. He lost $30,000.00 in income. His medical bills amounted to $28,016.82.
The court has reviewed the entire medical file in each matter, taking into account the post, present and future pain and suffering, disability and capacity to earn wages, as well as the loss of life's activities. The court finds that the issues for Mr. Ferrigno in his case and for Mr. Failla in his case and awards damages of $110,000.00 to Mr. Ferrigno and $300,000.00 to Mr. Failla.
Burns, J.